**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2021*
Decided August 31, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2991

| | |
|---|---|
| MARLO U. MORALES, | Appeal from the |
| *Plaintiff-Appellant,* | United States District Court for the |
| | Eastern District of Wisconsin. |
| *v.* | |
| | No. 18-CV-1967 |
| CHRIS J. RAUCH, | |
| *Defendant-Appellee.* | William E. Duffin, |
| | *Magistrate Judge.* |

**O R D E R**

Marlo Morales, a Wisconsin inmate, asserts that by not giving him his preferred toothpaste, prison dentist Chris Rauch deliberately ignored his dental needs and violated professional standards of care. The district court, through a magistrate judge

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

presiding by consent, entered summary judgment in favor of the dentist. Because no evidence suggests that Morales's dental care was inadequate, we affirm.

We begin by describing the state of the record. Local rules require the parties to support in a separate statement each fact asserted or disputed and to cite admissible evidence. E.D. WIS. CIV. L. R. 56(b)(2)(B). Dr. Rauch did so; Morales did not. Although Morales was proceeding pro se, the magistrate judge permissibly required compliance with local rules after warning Morales about them. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019). We thus recount the facts that Dr. Rauch adduced, although we construe them in the light most favorable to Morales. *Id.*

Morales has periodontitis, a serious gum disease. After his transfer to Redgranite Correctional Institution in 2014, Dr. Rauch reviewed Morales's dental records, noted the periodontitis, and advised Morales to seek the dental care permitted by the prison's dental-treatment policy. Under that policy inmates may request dental cleanings once a year. WIS. DEP'T OF CORRS., DIV. OF ADULT INSTS. POL'YS 500.40.05 § II(C) (Nov. 1, 2017). Between cleanings prisoners are expected to maintain their own dental hygiene. *Id.* 500.40.06 § I(B)(1). Beyond that inmates may receive "only those routine dental treatment services necessary" to address "serious dental needs" and "maintain … health." *Id.* 500.40.06. At Morales's first cleaning in 2015, the periodontitis had advanced and was accompanied by gingivitis as well as a periodontal abscess, which Dr. Rauch noted could lead to tooth loss. Based on the progression of Morales's periodontitis, Dr. Rauch told him that the treatment he had received at his previous prison—such as dental scaling and root planing—would not reverse his disease. He also said that under the dental-treatment policy, Morales's options for fighting periodontitis were annual, professional dental cleanings and his own daily dental hygiene. When Dr. Rauch saw Morales at his yearly cleanings, he observed the ongoing periodontitis, which eventually led to deep gaps in Morales's gum lines and tooth loss. As a result Dr. Rauch extracted at least three of Morales's teeth.

Between cleanings the prison provided Morales with fluoride toothpaste to aid his oral health. Morales, however, preferred Colgate Total Clean Mint toothpaste. That toothpaste contains triclosan, which the American Dental Association and the Food and Drug Administration have approved to stop the spread of gingivitis. He bought Colgate from the prison's canteen until February 2018, when the canteen no longer sold it. Morales asked Dr. Rauch to tell the canteen operators to restock it. The dentist responded that he had no authority over what items were offered at the canteen, but that Morales could ask the canteen committee to sell his preferred toothpaste. *See*

*id.* 309.52.01 § II(B) (Aug. 20, 2018). When Morales did so, the committee referred him back to Dr. Rauch, whom Morales then asked to get him the Colgate or other treatment for his periodontitis. Dr. Rauch replied that no toothpaste will cure periodontitis, and under the prison's policy, the next dental treatment available to him for his periodontitis was his annual cleaning in August.

In this suit Morales alleges that Dr. Rauch violated his rights under the Eighth Amendment and committed medical malpractice under Wisconsin state law by not ordering Colgate toothpaste or an alternative for him. Dr. Rauch moved for summary judgment. The magistrate judge concluded that no reasonable juror could find that Dr. Rauch deliberately ignored Morales's dental needs, and without expert testimony about the standard of care, Morales's medical-malpractice claim also failed.

On appeal Morales maintains that the record supports his claims that Dr. Rauch deliberately ignored his periodontitis by failing to order Colgate or an alternative treatment to slow the spread of the disease. He emphasizes that toothpaste is an essential hygiene product that prisons must provide, *see Board v. Farnham*, 394 F.3d 469, 483 (7th Cir. 2005), and that the triclosan in Colgate combats the spread of gingivitis.

But no reasonable jury could find that Dr. Rauch deliberately ignored Morales's dental needs. To survive summary judgment on his Eighth Amendment claim, Morales needed to furnish evidence that Dr. Rauch disregarded a known and serious medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Morales did not meet his burden for two reasons. First, no evidence contradicts Dr. Rauch's opinion that neither Colgate nor any other care available under the prison's treatment options would stop the periodontitis. True, the record suggests that Colgate can treat gingivitis, but Morales's claim is about periodontitis. Therefore, Dr. Rauch's advice about Colgate and his periodontitis was not "blatantly inappropriate." *Johnson v. Dominguez*, 5 F.4th 818, 826 (7th Cir. 2021). Second, the undisputed facts show that Dr. Rauch treated Morales in line with the prison's dental-treatment policies, which Morales does not contest as constitutionally inadequate. Dr. Rauch reviewed Morales's records, examined his teeth annually, and extracted his afflicted teeth as warranted. Beyond this the prison gave Morales fluoride toothpaste, meeting any constitutional obligation. *See Board*, 394 F.3d at 483. Although Morales favored a different brand of toothpaste, the Eighth Amendment did not entitle him to his preferred toothpaste when he was otherwise receiving adequate dental care. *See Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017).

Morales next contends that he created a triable claim that Dr. Rauch breached his duty of care under Wisconsin state law. But Wisconsin substantive law requires that an

expert testify to the standard of care and its breach unless "the situation is one where the common knowledge of laymen affords a basis for finding negligence." *Wilson v. Adams*, 901 F.3d 816, 823 (7th Cir. 2018) (quoting *Christianson v. Downs*, 279 N.W.2d 918, 921 (Wis. 1979)); *see also Carney-Hayes v. Nw. Wis. Home Care, Inc.*, 699 N.W.2d 524, 537 (Wis. 2005). The standard of care here required specialized dental knowledge from an expert because the treatment for advanced periodontitis is not something commonly known. *See Wilson*, 901 F.3d at 823. Morales did not provide expert testimony, so his negligence claim cannot survive summary judgment. *See id.*

Finally, Morales challenges the magistrate judge's decision to deny his cross-motion for summary judgment. But the judge acted properly. Morales submitted his motion four months after the deadline. In any case, the judge construed the motion as his response to Dr. Rauch's motion for summary judgment. Because we have concluded that the judge correctly entered summary judgment for Dr. Rauch, it necessarily follows that Morales's motion for summary judgment fails.

We have reviewed the rest of Morales's arguments, and none has merit.

AFFIRMED